UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DAMOND BASS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-612 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Michael Bass to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is denied.

Movant argues that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Court held that the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

Movant pled guilty to controlled substance offenses and felon in possession of a firearm, and the Court sentenced him to 240 months' imprisonment. *United States v. Bass*, No. 4:11-CR-

223 AGF (E.D. Mo.). In determining his sentence, the Court determined that he had three qualifying burglary convictions as to be eligible for sentence enhancements under the ACCA or Chapter Four of the United States Sentencing Guidelines. However, the Court did not enhance his sentence under either of those provisions. The Court determined that the offense level from Chapters Two and Three of the Guidelines applied and sentenced him accordingly. Because the Court did not enhance his sentence under the ACCA or Chapter Four, *Johnson* does not provide him with relief. As a result, the motion is denied.

Finally, Movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

Dated this 22nd day of September, 2016.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE