UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DAMOND BASS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-612 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Michael Bass to supplement his motion to vacate his conviction and sentence. After reviewing movant's motion, it is apparent he is seeking reconsideration of the Court's September 22, 2016 Order denying his motion to vacate and dismissing this action. His motion for reconsideration will be denied.

In his motion for reconsideration, movant argues, once again, that he is entitled to relief from his conviction and sentence under *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.

The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C.

§ 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

As noted in the Court's prior Memorandum and Order, movant pled guilty to controlled substance offenses and felon in possession of a firearm, and the Court sentenced him to 240 months' imprisonment. *United States v. Bass*, No. 4:11-CR-223 AGF (E.D. Mo.).

Before determining movant's sentence, the Court determined that although movant had three qualifying burglary convictions such that he would have been eligible for sentence enhancements under the ACCA or Chapter Four of the United States Sentencing Guidelines, these qualifying convictions would not be used for enhancements. **Thus, it is important to note in movant's case that the Court did not enhance movant's sentence under either the ACCA or Chapter Four of the U.S.S.G.**[1]

Rather, the Court determined that the offense level from Chapters Two and Three of the Guidelines applied and sentenced movant accordingly.[2] Because the Court did not enhance his sentence under the ACCA or Chapter Four, *Johnson* simply does not provide movant with relief from his sentence.

---

[1] Movant's prior convictions for state burglary could only have been used for sentencing enhancements under either the ACCA or under Chapter Four of the U.S.S.G. Since the Court did not use the burglary convictions for enhancements under Chapter Four of the Sentencing Guidelines, or under the Armed Career Criminal Act, he is not entitled to a reduction in his sentence even if the Court were to determine that movant's Missouri burglary convictions no longer qualify as "crimes of violence" under the ACCA.

[2] Movant's drug offenses were grouped pursuant to Section 3D1.2(d) of the U.S.S.G., and the offense level for the most serious group of counts (Counts 1, 2 and 3 of the Indictment) was used pursuant to Section 3D1.3(a). The Guideline for violations of 21 U.S.C. § 841(a)(1) and § 846 is found in Section 2D1.1(a)(2), as the offense of conviction established that death resulted from the use of the substance, making movant's base offense level a 38. In other words, because movant's drug offense sentencing levels were higher than any sentencing levels that could have been reached under the ACCA or with a Chapter Four enhancement, movant was sentenced with the higher drug offense levels rather than under the ACCA or with the Chapter Four enhancement.

In his motion for reconsideration, movant spends the entirety of his brief arguing that the new Supreme Court case of *Mathis v. United States*, 136 S.Ct. 2243 (2016), has changed the way his prior burglary convictions should be used for sentencing enhancements under Missouri law. But because the Chapter Four and Armed Career Criminal Act offense levels were not utilized in his sentencing calculations, *Mathis* has no applicability to his conviction or sentence. Therefore, movant's motion for reconsideration must be denied.

Finally, movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for reconsideration of the denial of his motion to vacate [Doc. #10] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

Dated this 29th day of December, 2016.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE